McHALE v INDUST COMM

Ohio Appeals, 3rd Dist, Crawford Co.

No. 1406.   Decided Jan. 31, 1940.

Copperman, DeBard & Greenwood, Cleveland; W. S. Marshall, Columbus, for appellant.

Thomas J. Herbert, Cleveland, for appellee.

### OPINION

By GUERNSEY, J.

This is an appeal on questions of law from an order of the Common Pleas Court of Crawford County, Ohio, sustaining a demurrer by the defendant, Industrial Commission of Ohio, to the petition of the plaintiff, Anthony McHale, dismissing the petition and entering judgment in favor of the defendant against the plaintiff.

The material allegations of the petition are as follows:  On April 22, 1922, plaintiff was employed by the Holmes

Erker Company and received an injury in the course of employment with said company on said date; and that by reason of said injury he has suffered and will continue to suffer wage impairment.

That he filed his claim with the Industrial Commission following said injury and that said Commission granted him temporary total compensation to April 30, 1923, besides paying certain medical fee bills, the last of which said fee bills was paid to Dr. E. C. Patton in the sum of $58.60 subsequent to an order of the Commission therefor dated November 1, 1930.

On November 3, 1938, plaintiff filed his application with said Commission for additional compensation based upon his wage impairment. As to said application for additional compensation the Commission made the following order:

"Proof of record discloses that claimant was injured January 22, 1922; that temporary total compensation was awarded to April 30, 1923, in the sum of $771.42. The file further discloses that under date of February 24, 1933 (1923), a fee bill was received by the Commission from claimant's attending physician, Dr. E. C. Patton, for the sum of $58.50, which represented Dr. Patton's services between October 25, 1922, and January 25, 1923. Fee bill was approved for payment under date of February 27, 1923, but through an oversight, warrant for such fee bill was never mailed to said physician, until it was subsequently brought to the Commission's attention on November 1, 1930, on which date an order was made for the purpose of payment of this fee bill of Dr. Patton, which had been previously submitted on February 24, 1923.

No application was filed for compensation between the date of presentation of bill of Dr. Patton and the filing of the claim for additional compensation on November 3, 1938, a period of approximately 15 years subsequent to the last date of payment of compensation. For this reason, it is the order of the Commission that from proof of record the Commission does not have jurisdiction to consider the application for additional compensation, filed November 3, 1938, as same was not filed in accordance with the provision of §1465-86 GC, therefore, the application for additional compensation is dismissed."

That the foregoing order was made on April 20, 1939.

That this cause is one of that class of cases wherein the claimant is entitled to an appeal directly to the Common Pleas Court as on a de novo hearing; that his average weekly earnings at the time of the accident aforesaid was $38.50; that to date there has been paid him by the Commission the sum of only $771.42 as and for temporary total compensation; and there is still due him from the 1st day of May, 1923, to date, as and for temporary partial compensation on a wage impairment basis, the further sum of $3750.00.

The prayer of the petition is that a jury may be impanelled and that plaintiff be found to be entitled to participate in the state insurance fund and judgment rendered thereon, together with plaintiff's costs herein incurred and reasonable attorney fees.

The petition was filed May 10, 1939, and within less than thirty days after the making of the order appealed from.

Defendant's demurrer to the petition is upon two grounds, as follows: First, that it is apparent upon the face of the petition that the court has no jurisdicition of the subject of the action; second, that the facts alleged are not sufficient to constitute a cause of action.

1. The first ground of the demurrer is not considered in the opinion of the lower court nor argued in the briefs in this court but as it raises the question of jurisdiction of the subject matter we will consider it.

It is apparently based on the assumption that as §1465-90, GC, as amended 117 Ohio Laws, H. 79, §1, relating to appeals to the common pleas court from orders made by the industrial commission, in effect at the time the application for additional compensation was

filed with the commission and the order set forth in the petition made thereon and appeal taken, does not provide for an appeal to the common pleas court from orders of the character set forth in the petition, the common pleas court is without jurisdiction of such appeal.

As shown by the petition, the injury for which additional compensation is claimed was sustained on April 22, 1922, and the original claim for compensation was filed with the commission sometime between the date of injury and April 30, 1923, as the commission granted the plaintiff temporary total compensation to April 30, 1923. The claim, therefore, at the time it was originally made was governed by the provisions of §1465-90, GC, as amended 109 Ohio Laws, 296, in effect at the time the injury was sustained, claim filed and order for temporary total compensation made, and said section as then in effect provided for an appeal to the Common Pleas Court from an order of the commission of the character made to it on April 20, 1939.

The filing of an application for compensation, with the industrial commission is a proceeding within the terms of §26, GC, governed thereafter in all respects by the statutes in force when the claim was originally filed. **Industrial Commission v Hall, 110 Oh St 304, 143 N. E. 716; State ex Slaughter v Industrial Commission, 132 Oh St 537, 9 N. E. Second, 505, 507; State ex Longano v Industrial Commission, 135 Oh St 165.**

Sec. 26, GC, provides that no amendment of a statute shall affect a proceeding existing at the time of the amendment, unless otherwise expressly provided in the amending act.

A perusal of the various amendments made to §1465-90, GC, since the amendment thereof in **109 Ohio Laws 296,** above mentioned, fails to disclose any express language giving any of said amendments a retroactive operation.

Consequently the right of the plaintiff to appeal from the order made by the commission on April 20, 1938, is governed by the provisions of §1465-90, as amended **109 Ohio Laws 296,** which authorize such appeal from an order of the character mentioned, and the first ground of the demurrer is without merit.

2. The second ground of demurrer is based on the provisions of §1465-86, GC, as amended **115 Ohio Laws 423,** effective October 4, 1933, the pertinent part of which reads as follows: "The powers and jurisdiction of the board over each case shall be continuing and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified. Provided, however, that no such modification or change of any finding or award in respect of any claim whether filed heretofore or hereafter shall be made with respect to disability compensation, dependency or benefits, after ten years from the last payment theretofore made or compensation or benefits awarded on account of injury or death, or ten years after the injury in cases in which no compensation has been awarded."

The second ground of the demurrer raises two questions. First, whether the fee bill allowed to the attending physician of the plaintiff, in the sum of $58.50, based on the services rendered by the attending physician to the claimant between October 25, 1922, and January 23, 1923, submitted to the commission on February 4, 1923, which was approved for payment by the commission under date of February 27, 1923, for which, through an oversight, warrant was not mailed to the attending physician until it was subsequently brought to the commission's attention on November 1, 1930, when an order was made for the purpose of payment of the fee bill and the same was paid, constitutes compensation awarded on account of injury, within the meaning of §1465-86, GC, as amended **115 Ohio Laws 423;** and, second, if such payment constitutes compensation awarded on account of injury, within the meaning

of §1465-86, GC, as amended 115 Ohio Laws 423, whether it, being the last payment made in the case, was made within ten years prior to the filing by the plaintiff with the commission on or about the third day of November, 1930, his application for additional compensation based upon wage impairment.

The word "compensation" as used in §35 of Art. II of the Constitution of Ohio, relating to Workmen's Compensation, comprehends all payments and disbursements of every character made by the industrial commission to or for the benfit of workmen and their dependents, for death, injuries or occupational diseases, occasioned in the course of such workmen's employment.

Sec. 1465-78, GC, a section of the Workmen's Compensation Act enacted pursuant to said constitutional provision, provides that no compensation shall be allowed for the first week after the injury is received, except the disbursement thereafter authorized in the act for medical, nurse and hospital services and medicines, and for funeral expenses.

Reading this section in connection with the constitutional provision mentioned, it is obvious that disbursements authorized by the Workmen's Compensation Act for medical, nurse and hospital services and medicines are comprehended in the word "compensation" as used in the act. Consequently the payment to the attending physician, alleged in the petition in the instant case, constituted a payment of compensation awarded on account of injury, within the meaning of §1465-86, GC, as amended 115 Ohio Laws 423.

The first question attempted to be raised by the second ground of the demurrer being determined in the affirmative, the further question attempted to be raised by the second ground of the demurrer to be determined is whether the payment of the attending physician's fee bill, being the last payment made by the commission in the cause, was made within ten years of the date the application of the plaintiff for additional compensation was made on or about November 3, 1938.

Payment implies the existence of a debt, of a party to whom it is owed, and of the satisfaction of the debt to that party. Tuttle v Armsted, 53 Connecticut, 175, 22 Atlantic 667. Bouvier's Law Dictionary, Rawle's Third Revision, Volume 3.

Although the fee bill in the instant case had been approved for payment under date of February 27, 1923, warrant for such fee bill was not mailed to the physician until November 1, 1930, on which date an order was made for the purpose of payment of the bill and it was not received by the physician until after said order was made on November 1, 1930. The debt therefore was not satisfied and payment was not made, in contemplation of law, until after the issuance of the warrant on November 1, 1930, and the mailing thereof to the attending physician.

As such payment to the attending physician, on November 1, 1930, was made within ten years of the time the plaintiff had originally filed his claim for compensation with the commission, and was made during the time the jurisdiction of the commission was continuing, and constituted the last payment theretofore made of compensation on account of injury, the commission, under the provisions of §1465-86, GC, as amended 115 Ohio Laws 423, had continuing jurisdiction over the case for the period of ten years following the date of such payment, comprehending the time in which the plaintiff filed his claim for additional compensation, and the order of the commission rejecting the same on jurisdictional grounds was made, and the finding of the commission that it did not have jurisdiction of the application of plaintiff under date of November 3, 1938, for additional compensation based on his wage impairment, was contrary to law and the appeal from such order was properly made to the Common Pleas Court.

For the reasons mentioned, the Common Pleas Court erred in sustaining the

demurrer of defendant to the petition and dismissing the same, and for this error the judgment of the Common Pleas Court will be reversed at costs of appellee and the cause remanded to it with instructions to overrule the demurrer, and for further proceedings according to law.

CROW, PJ. and KLINGER, J., concur.