FURNIS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF
OHIO, APPELLEE.

(No. 940—Decided April 30, 1942.)

*Mr. C. J. Wardlaw* and *Messrs. Mouser & Mouser,* for appellant.

*Mr. Thomas J. Herbert,* attorney general, and *Mr. Robert E. Hall,* for appellee.

GUERNSEY, J. This is an appeal upon questions of law from a judgment of the Court of Common Pleas of Marion county, Ohio, upon appeal from an order of the Industrial Commission denying a claim for compensation for permanent and total disability wherein the appellant, Joseph W. Furnis, was plaintiff, and the appellee, Industrial Commission of Ohio, was defendant.

The judgment appealed from denied the right of plaintiff to participate in the state insurance fund, under the provisions of the Workmen's Compensation Act of Ohio and was entered upon the verdict of a jury finding that plaintiff was not entitled to participate in such fund.

On or about May 29, 1929, plaintiff filed his claim with the Industrial Commission for compensation for injuries sustained by him on May 24, 1929, while in the course of his regular employment as an employee of the firm of Uncapher & Gillespie, a contributor to the state insurance fund.

The commission took jurisdiction of his claim and awarded him compensation for temporary disability (also designated as temporary total disability) to March 31, 1933, in the amount of $3,750, and partial

disability (also designated as temporary partial disability) to August 23, 1937, in the sum of $3,750.

The plaintiff having received compensation for the period of temporary total disability and having received the maximum amount of compensation for temporary partial disability, as provided in the Workmen's Compensation Act, and having engaged in no gainful occupation for the period of four years prior to the decision of the commission hereafter mentioned, the commission on March 3, 1938, upon consideration of whether he was entitled to compensation on his claim for permanent and total disability, ordered:

"That the commission find from proof of record that claimant, having received the maximum amounts of compensation for temporary total disability and temporary partial disability as provided by law, is not permanently and totally disabled as a result of his injury of May 24, 1929, and has been adequately compensated for all disability resulting from said injury."

Within thirty days after receipt of notice of the above order plaintiff filed with the Industrial Commission an application for rehearing, and pursuant to such application rehearing was had and testimony taken and transcribed, and on June 10, 1938, his claim again came on for rehearing, at which time the following order was made:

"That the claim be disallowed upon rehearing for the reason that claimant's present disability is not the result of injury."

Within sixty days after receiving notice of the final order, plaintiff filed his petition in the Common Pleas Court of Marion county, on appeal from the above order of the Industrial Commission.

The judgment of the Court of Common Pleas from which the appeal is taken to this court is the judgment

entered by it upon this appeal from the Industrial Commission.

Plaintiff, appellant herein, assigns errors in the following particulars:

1. The court erred in its general charge to the jury.

2. The court erred in refusing to give to the jury before argument special charge number II as requested by plaintiff.

3. The court erred in giving to the jury before argument, defendant's special charges numbers 1, 4 and 5.

The claimed errors in the general charge and in giving to the jury before argument defendant's special charges numbers 1 and 5 will be considered together as they are thus argued in the brief and relate to the same subject matter. We will next consider the claimed error in refusing to give to the jury before argument plaintiff's special charge number II, and then the claimed error in giving to the jury before argument defendant's special charge number 4.

In its general charge to the jury the court said:

"The court charges you that in order for the plaintiff to further participate in the state insurance fund, the plaintiff must prove by a preponderance of the evidence that he is permanently and totally disabled as a direct and proximate result of his injury on May 24, 1929."

This is the part of the general charge which the plaintiff claims is erroneous.

The instructions given upon the request of the defendant before argument which the plaintiff claims are erroneous, are as follows:

Request No. 1. "Ladies and gentlemen of the jury, I instruct you that before you can return a verdict finding that the plaintiff is entitled to further participate in the state insurance fund, you must not only

find that the plaintiff on and after March 3, 1938, was permanently and totally disabled, but you must also find that said permanent and total disability was proximately caused by the accidental injury plaintiff sustained on May 24, 1929."

Request No. 5. "Ladies and gentlemen of the jury, I instruct you that even though you find that on or after March 3, 1938, plaintiff was totally disabled, before you could return a verdict for the plaintiff you must also find that he is permanently disabled in a total degree."

As will be noted from the statement of facts, plaintiff filed his application for compensation with the Industrial Commission on or about May 29, 1929.

The filing of an application for compensation with the Industrial Commission is a proceeding within the meaning of Section 26, General Code, and the procedure for appeal to the Common Pleas Court from an order made in such proceeding is governed by the provisions of Section 1465-90, General Code, as in effect at the date of the filing of the application. *McHale v. Industrial Commission,* 63 Ohio App., 479, 27 N. E. (2d), 180.

Section 1465-90, General Code (111 Ohio Laws, 227), as in effect at the date of the filing of the application, contains among other provisions, the following provisions which are pertinent to this case, to wit:

"The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions thereon, including the extent of disability and amount of compensation to be paid in each claim, shall be final. In all claims for compensation on account of injury, or death resulting therefrom, if the commission finds that it has no jurisdiction of the claim and has no authority thereby to inquire into the extent of disability or the amount of

compensation, and denies the right of the claimant to receive compensation or to continue to receive compensation for such reason, then the claimant may within thirty days after receipt of notice of such finding of the commission, file an application with the commission for a rehearing of his claim, whereupon the former action of the commission thereon shall be vacated and the commission shall fix a date for rehearing of such claim and give the claimant and his employer at least one week's prior notice thereof; * * *. Such hearing shall be had and the evidence for and against the allowance of the claim submitted as in the trial of civil actions. * * *

"If the commission, after such hearing, finds that it has no jurisdiction of the claim and no authority to inquire into the extent of disability or amount of compensation claimed, then the claimant, within sixty days after receipt of notice of such action of the commission, may file a petition in the Common Pleas Court of the county wherein the injury was inflicted, or in the Common Pleas Court of the county wherein the contract of employment was made in cases where the injury occurs outside the state of Ohio. * * *

"Within ten days after the filing of the answer the Industrial Commission shall certify to such court a transcript of the record of such rehearing, and the court, or the jury, under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in such fund upon the evidence contained in such record and no other evidence; * * *. If the finding of the court or the verdict of the jury is in favor of the claimant's right to participate or to continue to participate in such fund, the court shall certify such finding or verdict to the Industrial Commission and the commission shall thereupon order compensation

to be paid in the manner provided by this act for the payment of other awards, and such certificate of the court shall be entered in the record of judgments of such court and shall for the purpose of error proceedings, be in lieu of final judgment in such cause."

As hereinbefore stated, the order of the commission hereinbefore quoted, made under date of June 10, 1938, on the hearing before it is the order from which the appeal to the Common Pleas Court was taken.

For the purpose of this case it is not necessary to consider the order of the commission made on March 3, 1938, upon which the rehearing was granted, as it will be noted from an inspection of the above-quoted provisions of Section 1465-90, General Code, that upon the filing of the application for rehearing, the former action of the commission, being the making of the order mentioned, was vacated.

The order of the commission made upon rehearing, in law constituted a finding that the commission had no jurisdiction of the claim and no authority to inquire into the extent of disability or amount of compensation claimed, which, under the provisions of the applicable statute constituted an order from which an appeal might be taken to the Common Pleas Court of the county wherein the injury was inflicted. The nature of this order was such as to preclude the commission from considering the question as to whether the plaintiff was totally and permanently disabled, so no implication can arise that the commission decided that question.

While the applicable statute in its first sentence provides that the commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions thereon, including the extent of disability and amount of compensation to be paid in each claim, shall be final, such provision

is qualified by other provisions of this section of the statute and other sections of the Workmen's Compensation Act of which it is a part.

Among these qualifying provisions are other provisions of the same section permitting appeals from certain decisions of the commission to the Common Pleas Court, and prescribing that upon such appeals the Industrial Commission, within ten days after the filing of the answer, shall certify to the Common Pleas Court in which the appeal is filed, a transcript of the record of such rehearing, and the court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in such fund, upon the evidence contained in such record and no other evidence.

The provisions of the first sentence of the applicable statute are therefore subject to the qualifications appearing in the same section of the statute, that appeals may be taken from certain decisions of the commission to the Common Pleas Court, and upon such appeals the court, or the jury, under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in the workmen's compensation fund, upon the evidence contained in the record and no other evidence.

As shown by the pleadings and the evidence in the instant case the plaintiff had received the maximum amounts of compensation for temporary total disability and temporary partial disability, as provided by law, and consequently he was not entitled to continue to participate in the workmen's compensation fund unless he was permanently and totally disabled as a result of his injury on May 24, 1929.

Consequently under the statutory provisions above

referred to, the question for determination of the jury, upon the transcript of the record of rehearing, was whether the claimant had a right to continue to participate in such fund, which necessarily involved a determination by it as to whether the plaintiff was permanently and totally disabled, and if permanently and totally disabled, whether such disability resulted from the injury.

In defendant's special charges numbers 1 and 5, and in that part of the general charge complained of, these questions were properly submitted to the jury.

The court therefore did not err in the submission of said special charges or in its general charge.

Plaintiff's special request to charge number II, which the court refused to give, the refusal of which plaintiff claims was erroneous, reads as follows:

"If you find from a preponderance of the evidence that Joseph Furnis received accidental injuries as alleged in the petition while in the course of and arising out of his employment on May 24, 1929, and that such injuries proximately aggravated any condition or disease already present in his body, and that such aggravation, if any you find, proximately caused his disability, then your verdict should be for the plaintiff."

As hereinbefore stated, the plaintiff was entitled to a verdict in his favor only in the event the jury should find that he was permanently and totally disabled and that such disability was proximately caused by his injury.

An examination of this special request will reveal that while it correctly stated the law concerning aggravation of a pre-existing physical condition, it is deficient and erroneous in that it does not predicate the return of a verdict for plaintiff, upon permanent and total disability arising from such aggravation.

The court therefore did not err in refusing to submit this special request.

Defendant's special charge number 4, given by the court over the objection of plaintiff, which plaintiff claims was erroneous, reads as follows:

"Ladies and gentlemen of the jury, I instruct you that when you are determining the issues in this case, you can only consider that evidence which deals with probability and you cannot consider any evidence which deals with mere possibility. In other words, for evidence to have probative value it must deal with something which is probable and not with something that is merely possible."

Several doctors were called by plaintiff, some of whom testified only concerning a possible connection between the plaintiff's disability and his injury. This special charge was intended to inform the jury of the effect to be given to this testimony.

As heretofore stated, there were two issues for determination by the jury. First, the issue as to whether plaintiff was permanently and totally disabled; and, second, if he was permanently and totally disabled, whether such disability was proximately caused by the accidental injury plaintiff sustained on May 24, 1929.

In order to entitle plaintiff to a verdict in his favor he had to prevail on both issues. If either of these issues was resolved against him by the jury the plaintiff was not entitled to a verdict in his favor.

Assuming, without deciding, that the charge as given was erroneous, it reflected only upon the second issue. The first issue was submitted without error intervening and the presumed verdict of the jury on this issue in favor of the defendant is supported by substantial evidence. It was not tested by interrogatories, and, notwithstanding error may have intervened in the submission of the other issue, the presumed finding on

this issue is sufficient to sustain the verdict and judg-, ment. 2 Ohio Jurisprudence, 777 *et seq.,* Section 675.

For the reasons mentioned, the judgment will be affirmed at costs of appellee.

*Judgment affirmcd.*

KLINGER, P. J., and CROW, J., concur.