VALENTINO, APPELLEE, *v.* KELLER, ADMR., BUREAU OF WORKMEN'S COMPENSATION, ET AL., APPELLANTS.

(No. 40012—Decided March 22, 1967.)

174

*Messrs. Traxler, Malkoff & Shwartz* and *Mr. Solomon Malkoff*, for appellee.

*Messrs. Manchester, Bennett, Powers & Ullman* and *Mr. Paul J. Fleming*, for appellant Sharon Steel Corporation.

O'NEILL, J.   There is but a single issue of fact in dispute in this case.   The Sharon Steel Corporation asserts that the last medical treatment was received by Valentino in 1951. Valentino alleges that the last medical treatment by the Sharon Steel Corporation's doctor was in 1954.

The significance of this dispute is that Section 4123.52, Revised Code, provides that the Industrial Commission has no jurisdiction to modify or change or make any findings of award in any claim which shall be made with respect to disability, compensation, dependency or benefit *"after ten years from the last payment theretofore made of compensation or benefits awarded on account of injury* or death * * *."   (Emphasis added.)

If the Sharon Steel Corporation is correct in its assertion that the last medical treatment was received by Valentino in 1951, which would be more than ten years prior to the date (August 28, 1963) upon which claimant filed his application for the reinstatement of his claim, then the Industrial Commission has no *jurisdiction* to grant any additional benefits and there is no obligation to reinstate the claim.   If, however, Valentino

is correct in his allegation that the last medical treatment that he received from the corporation doctor was in 1954, then his motion to reinstate his claim was made within the ten-year statute of limitations, and the Industrial Commission has *jurisdiction* to grant additional benefits under the claim and should be required to reinstate his claim.

This is a simple issue of fact as to whether Valentino's last treatment by the corporation doctor was in 1951 or 1954.

The right of appeal is set forth in Section 4123.519, Revised Code, as follows:

"The claimant * * * may appeal a decision of the Industrial Commission *in any injury case, other than a decision as to the extent of disability,* to the Court of Common Pleas of the county in which the injury was inflicted * * *." (Emphasis added.)

The question of whether Valentino is entitled to have his claim reinstated turns upon a determination of the date upon which he last received treatment from the company doctor.

That is not a decision as to the extent of disability. Therefore, under the above statutory language, Valentino is entitled to an appeal from the decision of the Industrial Commission to the Court of Common Pleas.

This conclusion is supported by other language in Section 4123.519, paragraph eight, as follows:

"* * * in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal * * *."

In this case the decision upon appeal would be that Valentino has a right or does not have a right "to continue to participate in the fund."

This question is a jurisdictional one.

This court has consistently held that on the question of a claimant's right to participate there is a right to appeal from the decision of the Industrial Commission to the Common Pleas Court. Upon the question of extent of disability there is no right of appeal from the decision of the Industrial Commission to the Common Pleas Court.

The Industrial Commission has the power, upon a motion for reinstatement of the claim, to determine whether ten years has elapsed since the last compensation or benefits were re-

ceived by the claimant. Its determination of that question adversely to the applicant is jurisdictional and, thus, entitles him to appeal to the Common Pleas Court.

The trial court, at page ten of the bill of exceptions, made this comment in ruling:

"Now, it is the opinion of this court that the finding of the commission was not a finding of the extent of disability * * *."

And further on in the ruling the court said:

"* * * And I will ask the jury to sign a verdict which in effect will say that the claimant is not entitled to participate in the fund. * * *"

The Common Pleas Court was correct in its conclusion that the finding of the commission was not a finding of extent of disability, and it was correct that the question to be decided in that court was whether Valentino was entitled to participate in the fund. However, the trial court was clearly in error in holding that a decision upon the question of the claimant's right to participate in the fund or to continue to participate in the fund can not be appealed from. This holding by the trial court is contrary to the provisions of Section 4123.519, *supra*.

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, HERBERT, SCHNEIDER and BROWN, JJ., concur.