### Venable v. Barry
*[Cite as 8 AOA 88]*

Case No. 12194
Montgomery County, (2nd)
Decided December 13, 1990

Stewart R. Jaffy, 306 East Gay Street, Columbus, Ohio 43215, Attorney for Appellant.

Laura G. Harrelson, 600 IBM Building, Dayton, Ohio 45402 Attorney for Appellee Ohio Bell Telephone Co.

William Haders, Assistant Attorney General, 35 East Seventh Street, Cincinnati, Ohio 45219, Attorney for Appellee Administrator.

WILSON, J.

In October 1973, the appellant, Kenneth L. Venable, sustained an injury to his right knee during the course of his employment with the appellee, The Ohio Bell Telephone Company.

After surgery to his knee the appellant received temporary total disability compensation from December 2, 1973 until he returned to work on February 24, 1974.

Thereafter, in July 1976, the appellant received a ten per cent permanent partial disability award pursuant to an agreement as to compensation for permanent partial disability. The appellant has not received any *compensation* since July 1976; however, Ohio Bell continued to pay the appellant's medical bills. The last payments of *benefits* for medical bills occurred in March 1981.

On February 2, 1988, the appellant filed an application to reactivate his workers' compensation claim for further medical services. Ohio Bell rejected the application and requested a hearing.

A district hearing officer granted Mr. Venable's application to reactivate. The decision of the hearing officer was affirmed throughout the administrative appellate procedure. Thereafter, Ohio Bell appealed to the Common Pleas Court of Montgomery County, Ohio.

In a decision filed March 22, 1990, the common pleas court granted summary judgment in favor of Ohio Bell and made the following findings of fact and conclusions of law:

"The Court concludes that under the case law a distinction must be made between 'compensation' and 'benefits.' *State ex rel; Consolidated Coal Co. v. Industrial Commission,* 18 Ohio St. 3d 281; *State ex rel. Kroger v. Stover,* 31 Ohio St. 3d 229, 241.

"Since *compensation* was last awarded in July, 1976, the limitation period set forth in Section 4123.52 as, amended in 1967, ran in 1986."

There are two assignments of error. The first is:

"THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF-APPELLANT'S MOTION FOR SUMMARY JUDGMENT."

On the date of Mr. Venable's injury R.C. 4123.52 provided in pertinent part, as follows:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No such modification or change or

any finding or award in respect of any claim compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of compensation for total disability under section 4123.56 of the Revised Code, *except in cases where compensation has been paid under section 4123.56, 4123.57, or 4123. 58 of the Revised Code, then ten years from the date of the last payment of compensation ***"*

Prior to 1967, R.C. 4123.52 provided in pertinent part:

"No such modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency or benefits, after ten years *from the last payment theretofore made of compensation or benefits* awarded on account of injury or death ***"

The appellant contends that the payment of a medical bill equates to payment of compensation. In support of his position, the appellant has cited us to *Moertl v. James L. Mayfield, et al* (May 23, 1990), Hamilton App. No. C-890167, unreported. In this case the Hamilton County Court of Appeals considered nearly the identical issue before us. This case held: "We are required to conclude that the term 'compensation' as used in R.C. 4123.52 encompasses the payment of medical and/or pharmaceutical bills." The opinion in *Moertl* did not mention either the *Consolidated Coal* or *Stover* cases, *supra*.

These cases in effect held that in 1967 R.C. 4123.52 "was amended to provide that only when a claimant receives compensation, as opposed to medical benefits, does such receipt operate to toll the ten year limitation period."

The first assignment of error is overruled.

The last assignment of error states:

"COMMON PLEAS HAS NO JURISDICTION BECAUSE UNDER R.C. 4123.519 THE QUESTION INVOLVED IS NOT APPEALABLE."

A determination that a claim is either barred or not barred under R.C. 4123. 52 is a decision as to a claimant's right to participate in the fund and is appealable pursuant to R.C. 4125.519. *Valentino v. Keller* (1967), 9 Ohio St. 2d 173.

We affirm.

BROGAN, J., and FAIN, J., concur.