SUTTON, Appellant,

v.

MT. SINAI MEDICAL CENTER, Appellee.

[Cite as *Sutton v. Mt. Sinai Med. Ctr.* (1995), 102 Ohio App.3d 641.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67255.

Decided April 10, 1995.

*Martin L. Sandel,* for appellant.

*Gary H. Goldwasser* and *Nancy F. Zavelson,* for appellee.

NUGENT, Judge.

Plaintiff-appellant, Carol Sutton, appeals from a summary judgment based on the statute of limitations, granted on April 13, 1994 by the Cuyahoga County Court of Common Pleas in favor of defendant-appellee, the Mt. Sinai Medical Center.

On February 9, 1990, appellant gave birth to her daughter, Ciara Wright, at Mt. Sinai Medical Center. On February 15, 1990, Ciara Wright was mistakenly administered an antibiotic which was diluted with potassium chloride rather than sodium chloride. As a result, Ciara Wright was forced into cardiorespiratory arrest. She was revived through extensive medical treatment in the neonatal unit. The baby made a full recovery and was released from the hospital a short time later.

On November 22, 1993, plaintiff-appellant filed her complaint against the appellee. In her complaint, appellant sought damages for the negligent infliction of emotional distress caused her by the hospital's actions. Appellee answered, admitting that the antibiotic solution was mistakenly administered but denying all

allegations as to the claimed emotional distress experienced by appellant. Appellee also raised the affirmative defense of statute of limitations.

On February 11, 1994, appellee filed its motion for summary judgment with the trial court. Appellee's motion sought summary judgment on the ground that appellant's action was a medical malpractice action. Therefore, appellee asserted, appellant's action had to be filed within one year of the cognizable event pursuant to the medical malpractice statute of limitations in R.C. 2305.11. On February 17, 1994, appellant filed her brief in opposition to summary judgment. On March 4, 1994, appellee filed its reply brief, asserting that appellant's claim was either a medical claim barred by R.C. 2305.11 or, in the alternative, a direct, personal injury action sounding in negligence, which would be barred by R.C. 2305.10.

On April 13, 1994, the trial court granted appellee's motion for summary judgment without opinion.

Appellant filed her notice of appeal with this court on May 8, 1994, raising the following assignments of error for our review:

"I. The trial court erred in failing to recognize that negligent infliction of emotional distress is a cause of action separate and distinct from a cause of action for bodily injury or medical negligence, particularly because plaintiff-appellant was neither the subject of any medical treatment nor bodily injured, and plaintiff's action is therefore not governed by the statutes of limitations applicable to bodily injury or medical negligence claims.

"II. The trial court erred as a matter of law in applying R.C. 2305.11 to plaintiff-appellant's claim for negligent infliction of emotional distress.

"III. The trial court erred in granting defendant-appellee's motion for summary judgment and dismissing plaintiff-appellant's complaint where plaintiff-appellant had presented sufficient evidence that clearly created a genuine issue of material fact.

"IV. The trial court erred to the prejudice of plaintiff-appellant by denying her equal protection under the law, for the granting of defendant-appellee's motion for summary judgment effectively forced plaintiff-appellant to bring her cause of action for negligent infliction of emotional distress within the statutory time periods generally governing medical malpractice or general negligence actions, thereby unjustly depriving plaintiff-appellant of her right to an independent legal remedy which, if filed within the four-year statute of limitations actually governing the negligent infliction of emotional distress, is otherwise available to any other claimants bringing plaintiff's cause of action."

## I

Appellant's first and second assignments of error question the trial court's granting of summary judgment based upon the applicable statute of limitations for appellant's cause of action. For this reason, we will address them together.

## A

█ Appellant argues that her cause of action is not a medical malpractice claim or a bodily injury claim and therefore should not be determined by either the one-year or two-year statute of limitations contained in R.C. 2305.11 and R.C. 2305.10, respectively. Rather, appellant argues that her claim for negligent infliction of emotional distress, while a corollary of a medical procedure, is actually a claim based in ordinary negligence. Therefore, appellant argues that the four-year statute of limitations contained in R.C. 2305.09 should apply.

This court, as well as other appellate courts in Ohio, has inconsistently held the tort of negligent infliction of emotional distress to be encompassed by the statute of limitations set forth in both R.C. 2305.09(D) and 2305.10. See, e.g., Kotyk v. Rebovich (1993), 87 Ohio App.3d 116, 621 N.E.2d 897; Smith v. Rudler (Aug. 13, 1993), Ashtabula App. No. 92–A–1753, unreported, 1993 WL 318797; Stewart v. Kennedy (Sept. 22, 1993), Hamilton App. No. C–920152, unreported, 1993 WL 368967. However, this inconsistency within the appellate courts has already been addressed by the Ohio Supreme Court in Lawyers Cooperative Publishing Co. v. Muething (1992), 65 Ohio St.3d 273, 603 N.E.2d 969. For the reasons that follow, we reassert the Supreme Court's holding and find that the appropriate statute of limitations for the claim of negligent infliction of emotional distress is two years, as defined by R.C. 2305.10.

## B

In support of her argument, appellant relies upon this court's opinion in Kotyk v. Rebovich (1993), 87 Ohio App.3d 116, 621 N.E.2d 897. The Kotyk court dealt with a complaint containing ten causes of action, including a charge of negligent and intentional infliction of emotional distress. The trial court granted defendant's Civ.R. 12(B)(6) motion on the grounds that the plaintiff's claim were time-barred by the statute of limitations. In upholding the decision of the trial court, the Kotyk court summarily listed nine of the plaintiff's ten causes of action and their applicable statute of limitations. In so doing, the Kotyk court mistakenly stated that the applicable statute of limitations for both negligent and intentional infliction of emotional distress was the four-year statute contained in R.C. 2305.09(D). Kotyk, 87 Ohio App.3d at 120, 621 N.E.2d at 899–900.

In addition, appellant cites *Smith v. Rudler* (Aug. 13, 1993), Ashtabula App. No. 92–A–1753, unreported, 1993 WL 318797, which stated that "intentional or negligent infliction of emotional distress both have a four-year statute of limitations."

However, in *Lawyers Cooperative Publishing Co. v. Muething* (1992), 65 Ohio St.3d 273, 603 N.E.2d 969, a case decided before *Kotyk* and *Smith,* the Ohio Supreme Court held that the statute of limitations for *negligent* infliction of emotional distress is the two-year statute of R.C. 2305.10, and the statute of limitations for intentional infliction of emotional distress is the four-year statute of R.C. 2305.09(D). Paragraph two of the syllabus of *Lawyers Cooperative* states the following:

"A negligence claim asserting emotional distress, pain and suffering, humiliation, and loss of reputation is a claim for personal injuries and is governed by the statute of limitations set forth in R.C. 2305.10."

The decision in *Lawyers Cooperative* concerned counterclaims brought by an attorney, Thaddeus Muething, alleging that the defendant was negligent in the publication, writing, and editing of a legal form book.[1] In addressing the statute of limitations which were applicable to Muething's counterclaims, the Supreme Court stated the following:

"It is important to note that Muething has not claimed an intentional infliction of emotional distress. In *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 6 OBR 421, 453 N.E.2d 666, this court held that such claims are governed by R.C. 2305.09(D). As previously stated, Muething's counterclaim sounds in negligence and he has alleged that as a result of the negligence and defective product, he suffered injuries including emotional distress, pain and suffering.

" * * *

"Muething asserts that his claims of embarrassment, humiliation and loss of reputation are analogous to a claim for loss of consortium, which is covered by the four-year provision of R.C. 2305.09(D). [Citations omitted.] We do not agree. A claim for loss of consortium is a derivative claim. * * * Muething's emotional distress claim is an assertion of a direct, personal injury that was, or

---

1. Muething had relied upon the form book in drafting promissory notes for his clients. However, the form book did not disclose that the use of promissory notes might violate Ohio securities laws. As a result, Muething was indicted by the state of Ohio for various securities law violations and sued by several of his client's investors. Three years later, Lawyers Cooperative brought suit against Muething seeking payment for the form book. Muething filed counterclaims against Lawyers Cooperative for negligence, claiming that he had sustained humiliation and loss of reputation and damage to his law practice. *Id.* at 273–274, 603 N.E.2d at 969–971.

should have been, evident within two years of his discovery of the alleged breach of duty by LCP."

We find that the ruling in *Lawyers Cooperative* is controlling in the present case. In so finding, this court recognizes the error within *Kotyk.*

■ Appellant's complaint herein alleges that she "feared for the life and the normalcy of her child by reason of the negligent actions of the defendant." In determining which statute of limitations should be applied to a particular cause of action, the Ohio Supreme Court has held that courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are determinative factors; the form is immaterial. *Lawyers Cooperative, supra,* 65 Ohio St.3d at 277–278, 603 N.E.2d at 972–973; *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183, 12 OBR 246, 249–250, 465 N.E.2d 1298, 1301–1302.

Similar to the injury alleged in *Lawyers Cooperative,* appellant's claim of emotional distress in the present case is an assertion of a direct, personal injury that was, or should have been, evident within two years of her discovery of the alleged breach of duty by appellee. Therefore, any claim seeking compensation for this injury had to be filed within the two-year statute of limitations contained in R.C. 2305.10.

The summary judgment was granted without an opinion. As appellant argues, it cannot be stated that the trial court held that R.C. 2309.10 or 2309.11 was the controlling statute. Nonetheless, this question is rendered moot due to the fact that appellant did not file her claim until nearly three and one-half years after the alleged negligence of the appellee. As previously stated, filing of this claim was time-barred, as the applicable statute of limitations was two years pursuant to R.C. 2305.10.

Accordingly, appellant's first and second assignment of errors are overruled.

## II

Appellant's third assignment of error argues that summary judgment was inappropriate because there existed sufficient evidence to create an issue of material fact.

Based upon our previous finding in Part I that appellant's action was time-barred by the statute of limitations, it was not necessary for the trial court to determine the merits of the issues presented within the party's action.

Accordingly, appellant's third assignment of error is overruled.

### III

█ Appellant's fourth assignment of error argues that the trial court denied her equal protection under the law by forcing her to bring her action for negligent infliction of emotional distress within the time period set forth in R.C. 2305.10, rather than under R.C. 2305.09(D).

█ The purpose of any statute of limitations is to prevent the assertion of stale claims because of the difficulty involved in asserting and defending against a legal claim after a substantial lapse of time from the point the claim arose. *Young v. Napoleon* (1994), 93 Ohio App.3d 28, 34, 637 N.E.2d 393, 396–397. A violation of equal protection occurs when a statute creates a classification or distinction among classes of persons based upon an illogical or arbitrary basis. *Sorrell v. Thevenir* (1994), 69 Ohio St.3d 415, 633 N.E.2d 504.

Appellant asserts that her action for negligent infliction of emotional distress has been classified differently from other actions for negligent infliction of emotional distress. The assertion is spurious. Paragraph I of this opinion discussed in detail the appropriate application of R.C. 2305.10 for claims of negligent infliction of emotional distress. All plaintiffs for an action based upon negligent infliction of emotional distress must assert their cause of action within the two-year limitation of R.C. 2305.10. *Lawyers Cooperative, supra.* In this case, appellant has not been treated differently from other plaintiffs alleging negligent infliction of emotional distress.

Accordingly, appellant's fourth assignment of error is overruled.

*Judgment affirmed.*

HARPER, P.J., and O'DONNELL, J., concur.