OPINION
{¶ 1} Plaintiff-appellant, Daniel J. Cocherl, appeals from the summary judgment entered against him by the Franklin County Court of Common Pleas which found his request to amend his workers' compensation claim to include an additional allowance to be time-barred by the ten-year statute of limitations in R.C. 4123.52. For the following reasons, we affirm. *Page 2 
 {¶ 2} On December 6, 1989, plaintiff was injured in the course and scope of his employment with defendant-appellee, Ohio Department of Transportation ("ODOT"). Joint Stipulations of Fact ("Stipulations"), ¶ 1. Plaintiff filed a workers' compensation claim with defendant-appellee Ohio Bureau of Workers' Compensation ("BWC"), which was allowed for a fractured left metacarpal and neurotic depression. Stipulations, ¶ 2.
 {¶ 3} On February 28, 1995, BWC issued a check in the amount of $3,999.90 payable to plaintiff. Stipulations, ¶ 3. The check represented a permanent partial disability ("PPD") award and was mailed on the same day to plaintiff's attorney pursuant to plaintiff's authority. Stipulations, ¶ 4. Plaintiff's attorney received the check on March 3, 1995 and distributed the net proceeds to plaintiff on March 6, 1995. Stipulations, at ¶ 4 and 5. From February 28, 1995 through March 2, 2005, BWC paid neither medical benefits nor compensation related to plaintiff's allowed claims. Stipulations, ¶ 6-8.
 {¶ 4} On March 2, 2005, plaintiff filed a C-86 motion with BWC requesting his claim be amended to include the additional allowance of "status post-boxer's fracture left fifth metacarpal." Stipulations, ¶ 9. BWC referred the C-86 motion to a District Hearing Officer ("DHO") of the Ohio Industrial Commission ("commission"). Following a June 8, 2005 hearing, the DHO denied the motion, finding that plaintiff's request to amend his claim was outside the ten-year statute of limitations in R.C. 4123.52. Stipulations, ¶ 10.
 {¶ 5} Plaintiff appealed the DHO's decision to a Staff Hearing Officer ("SHO"). Following a July 13, 2005 hearing, the SHO affirmed the DHO's decision, finding that the statute of limitations on plaintiff's workers' compensation claim expired on February 28, 2005. Stipulations, ¶ 11. Plaintiff appealed the SHO's decision to the commission, which refused the appeal and affirmed the disallowance without a hearing. Complaint, ¶ 7. *Page 3 
 {¶ 6} Plaintiff instituted an administrative appeal in the common pleas court pursuant to R.C. 4123.512. Defendants filed separate motions for summary judgment asserting that plaintiff's request to amend his claim to include an additional allowance must be dismissed as a matter of law as such request fell outside the ten-year statute of limitations set forth in R.C. 4123.52. Plaintiff filed a memorandum contra both motions for summary judgment and ODOT filed a reply thereto.
 {¶ 7} As noted above, the parties stipulated to the facts underlying the appeal. Accordingly, the sole issue before the common pleas court was a question of law concerning whether the commission had jurisdiction to adjudicate plaintiff's request for an additional allowance. On September 12, 2006, the trial court issued a decision granting summary judgment for defendants. More particularly, the court determined that the ten-year statute limitations in R.C. 4123.52 began to run on February 28, 1995, the date BWC issued and mailed the PPD award check rather than on March 3, 1995, the date plaintiff (through his attorney) received the check. Accordingly, the court concluded that the commission correctly determined that plaintiff's claim expired on February 28, 2005, rendering his March 2, 2005, filing outside the ten-year statute of limitations. On October 11, 2006, the court filed a judgment entry reflecting its decision.
 {¶ 8} Plaintiff timely appeals, advancing one assignment of error:
 The Common Pleas Court erred in granting summary judgment in favor of Defendants-Appellees. The Common Pleas Court granted summary judgment against Plaintiff-Appellant finding that his workers' compensation claim was time-barred by the ten year statute of limitations contained in Section 4123.52 of the Ohio Revised Code. The decision of the Common Pleas Court in this regard is contrary to law. Plaintiff-Appellant's claim is not time barred. *Page 4 
 {¶ 9} Plaintiff's assignment of error contends the common pleas court erred in granting defendants' motions for summary judgment. As such, we must consider whether the common pleas court acted in accordance with Civ.R. 56.
 {¶ 10} Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd.
(1997), 78 Ohio St.3d 181, 183. Appellate review of summary judgment is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star BancCorp. (1997), 122 Ohio App.3d 100, 103.
 {¶ 11} For purposes of this appeal, the relevant version of R.C.4123.52 provided, in part, as follows:
 The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of medical benefits under this chapter, in which event the modification, change, finding, or award shall be made within six years after the payment of medical benefits, or in the absence of payment of compensation under section 4123.57, 4123.58, or division (A) or (B) of section 4123.56 of the Revised Code or wages in lieu of compensation in a manner so as to satisfy the *Page 5 
requirements of section 4123.84 of the Revised Code, in which event the modification, change, finding, or award shall be made within ten years from the date of the last payment of compensation or from the date of death * * *
 {¶ 12} R.C. 4123.52 establishes the commission's continuing jurisdiction over a claimant's workers' compensation claim.Collinsworth v. Western Elec. Co. (1992), 63 Ohio St.3d 268, 270. The first sentence sets forth the general rule that the commission has continuing jurisdiction over each case and may modify its former determination as it deems justified. Id. The second sentence contains several limitations periods affecting the commission's continuing jurisdiction. Id. As relevant here, the first establishes that a claim expires six years after the date of injury if no medical benefits have been paid. The second establishes that if medical benefits have been paid but there has not been a payment of compensation for temporary, partial or total disability under R.C. 4123.56, 4123.57 or 4123.58 (or wages in lieu thereof), the claim expires "six years after the payment of medical benefits." The third establishes that if disability compensation under R.C. 4123.56, 4123.57 or 4123.58 (or wages in lieu thereof) has been paid, the life of the claim extends for "ten years from the date of the last payment of compensation."
 {¶ 13} Within the statutory ten-year period described in Section 1465-86, General Code (the former version of R.C. 4123.52), the commission may exercise its authority for the purpose of considering new evidence of further disability resulting from a claimant's injury.State ex rel. S.S. Kresge Co. v. Indus. Comm. (1952), 157 Ohio St. 62, paragraph two of the syllabus. Once the ten-year period has expired, the commission lacks authority to make any additional awards. *Page 6 
 {¶ 14} The Supreme Court of Ohio has provided guidance as to the purpose of R.C. 4123.52. " ` * * * The purposes of * * * [the] statutory limitation on the prosecution of compensation claims are that such claims be prosecuted promptly * * * while the facts are available; and that the ultimate liability under such claims be established promptly so that it may be enforced by the * * * [Industrial Commission] for the benefit of the fund.' " State ex rel. Gen. Refractories Co. v. Indus.Comm. (1989), 44 Ohio St.3d 82, 93, quoting State ex rel Hammond v.Indus. Comm. (1945), 144 Ohio St. 477, 481-482. Indeed, "[t]he purpose of any statute of limitation is to prevent assertion of stale claims because of the difficulties in asserting and defending against a legal claim after a substantial lapse of time from when the claim arose."Stanley v. Lorac Const. Serv., Inc. (Sept. 10, 1998), Ross App. No. 97CA2389, citing Sutton v. Mt. Sinai Med. Ctr (1995),102 Ohio App.3d 641.
 {¶ 15} With the statutory provision and its purpose in mind, we now turn to the instant matter. At issue here is the ten-year limitations period for disability claims which runs from the date of the "last payment of compensation." More specifically, the precise question before us is whether the "last payment of compensation" is to be calculated from the date BWC issues and mails the compensation award or from the date the claimant receives the compensation award. It is uncontroverted that BWC issued and mailed plaintiff's last PPD check on February 28, 1995 and that plaintiff (through his attorney) received the check on March 3, 2005. If plaintiff is correct in his assertion that the ten-year limitations period is to be calculated from March 3, 1995, the date he received the check, then his March 2, 2005 motion was filed within the ten-year statute of limitations and the commission has jurisdiction to consider it. If, however, defendants are correct in *Page 7 
their contention that the ten-year period is to be calculated from February 28, 1995, the date BWC issued and mailed the check, then plaintiff's March 2, 2005 motion was filed outside the ten-year statute of limitations and the commission does not have jurisdiction to consider it. As noted, the common pleas court agreed with defendants, concluding the ten-year period is calculated from the date BWC issued and mailed the check.
 {¶ 16} Plaintiff contends the interpretation of R.C. 4123.52 adopted by the common pleas court shortens the ten-year statute of limitations because it does not account for "variable and uncertain period[s] of time" involved in the mailing process. (Plaintiff's brief, 8.) Plaintiff maintains that where regular mailing is permitted as a method of service, limitations periods are typically increased, not restricted, in recognition of the imprecise nature of the mailing process. Plaintiff asserts that time limitations are normally triggered by receipt, not by the "uncontrolled acts of others." Id. Specifically, plaintiff argues that a claimant will most likely not be aware of the date a compensation payment is issued and mailed, rendering it difficult to determine when his or her rights would be extinguished; on other hand, if the limitations period is calculated from the date the compensation payment is received, a claimant can easily determine when his or her rights would be extinguished.
 {¶ 17} In support of his contention, plaintiff relies upon the Supreme Court of Ohio's decision in Valentino v. Keller (1967),9 Ohio St.2d 173. Valentino concerned the ten-year limitation period set forth in R.C. 4123.52, and whether the claimant had received medical treatment within ten years from the date the claimant filed his application for reinstatement of his claim so as to vest jurisdiction in the commission to adjudicate the application. After the commission denied his application, the claimant *Page 8 
appealed to the common pleas court pursuant to R.C. 4123.519 (the predecessor to R.C. 4123.512). At trial, the court granted the employer's motion to the effect that the commission's order was a decision as to the extent of disability and, thus, was not appealable under R.C. 4123.519. The Supreme Court of Ohio affirmed the court of appeals' decision which reversed the common pleas court's judgment, stating, at 175-176:
 The right of appeal is set forth in section 4123.519, Revised Code, as follows:
 "The claimant * * * [or the employer] may appeal a decision of the industrial commission in any injury case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted * * *."
 The question of whether Valentino is entitled to have his claim reinstated turns upon a determination of the date upon which he last received treatment from the company doctor.
 That is not a decision as to the extent of disability. Therefore, under the above statutory language [R.C. 4123.519], Valentino is entitled to an appeal from the decision of the Industrial Commission to the Court of Common Pleas [to test the commission's jurisdiction under R.C. 4123.52].
 * * *
 In this case the decision upon appeal would be that Valentino has a right or does not have a right "to continue to participate in the fund."
 This question is a jurisdictional one [and is therefore appealable pursuant to R.C. 4123.519].
 * * *
 The Industrial Commission has the power, upon a motion for reinstatement of the claim, to determine whether ten years has elapsed since the last compensation or benefits were received by the claimant. Its determination of that question *Page 9 
adversely to the applicant is jurisdictional and, thus, entitles him to appeal to the Common Pleas Court.
(Emphasis added.)
 {¶ 18} Plaintiff argues that in choosing the foregoing italicized language (and, conversely, in attaching no significance to the date of issuance or mailing), the court clearly intended that the receipt of payment by a claimant triggers the ten-year statute of limitations.
 {¶ 19} However, as noted, the issue actually determined inValentino was not whether the statute of limitations had run so as to terminate the life of the claim. Rather, the court determined that the commission order which denied the claimant's request to reinstate his claim was properly appealable to the common pleas court under the provisions of R.C. 4123.519. The court found the issue presented in the court action to be a question of the claimant's right to participate, not "extent of disability," thus affording the right to the common pleas court appeal process. As Valentino did not address or even contemplate the precise issue posed in the instant matter, we do not subscribe to plaintiff's contention that Valentino serves to answer the question before us.
 {¶ 20} Plaintiff also urges that R.C. 4123.522 provides "some sense of direction" as to the importance of "receipt" in triggering a party's duty to act within the context of a workers' compensation claim. The statute provides, in pertinent part:
 The employee, employer, and their respective representatives are entitled to written notice of any hearing, determination, order, award, or decision under this chapter * * * An employee, employer, or the administrator is deemed not to have received notice until the notice is received from the industrial commission or its district or staff hearing officers, the administrator, or the bureau of workers' compensation by both the employee and his representative * * * *Page 10 
 If any person to whom a notice is mailed fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative * * * such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. Delivery of the notice to the address of the person or his representative is prima-facie evidence of receipt of the notice by the person.
 {¶ 21} In our view, R.C. 4123.522 actually supports defendants' position. The statute's liberal reference to a party's actual receipt of notice from the commission signifies the General Assembly's understanding of the import of the term "receipt." Thus, it is clear that the General Assembly could have inserted that term in R.C. 4123.52
if "receipt" of the last payment of compensation was to be determinative of the running of the statute of limitations.
 {¶ 22} Further, in McHale v. Indus. Comm. (1940), 63 Ohio App. 479, the court addressed two issues: (1) whether the commission's payment of a physician's fee bill constituted compensation awarded on account of injury within the meaning of Section 1465-86, General Code, and (2) whether payment of that bill was made within the ten-year statutory time frame so as to invoke the continuing jurisdiction of the commission. The court answered both questions in the affirmative. Regarding the second issue, the court first found that "[p]ayment implies the existence of a debt, of a party to whom it is owed, and of the satisfaction of the debt to that party." Id. at 485. With the fee bill being approved for payment in February 1923, but the check not mailed to the physician until November 1, 1930, the court concluded:
 The debt therefore was not satisfied and payment was not made, in contemplation of law, until after the issuance of the *Page 11 
[check] on November 1, 1930, and the mailing thereof to the attending physician.
Id.
 {¶ 23} The court noted that the November 1, 1930 payment "constituted the last payment of compensation made by the commission on account of injury." Id. Applying McHale, the "last payment of compensation" in the instant case was made on February 28, 1995, the date BWC issued and mailed the PPD compensation check to plaintiff.
 {¶ 24} Our conclusion is further supported by the "State of Ohio Industrial Commission Policy Statements and Guidelines," Memo 13, which provides:
 O.R.C. 4123.52 provides, in part, that ". . . No such modification or change nor any finding or award in respect of any claims shall be made with respect to disability, compensation, dependency, or benefits,. . . except in cases where compensation has been paid,. . . then ten years from the date of the last payment of compensation. . .
 Compute the ten-year period from the date which appears on the face of the last check issued in payment of compensation.
 {¶ 25} " `[I]t is well-settled that courts, when interpreting statutes, must give due deference to an administrative interpretation formulated by an agency which has accumulated substantial expertise, and to which the legislature has delegated the responsibility of implementing the legislative command.' " Collinsworth, supra, at 272, quoting State ex rel. McLean v. Indus. Comm. (1986), 25 Ohio St.3d 90,92. Our determination that the "last payment of compensation" is to be calculated from the date BWC issued and mailed the check to plaintiff accords due deference to the commission's interpretation of the "last payment of compensation" language in R.C. 4123.52. *Page 12 
 {¶ 26} We are mindful that R.C. 4123.95 requires this court to construe R.C. 4123.52 liberally in favor of plaintiff. However, liberal construction is not without limitation. State ex rel. Ford Motor Co. v.Indus. Comm. (1992), 65 Ohio St.3d 17, 21. Practicality regarding the annual issuance of thousands upon thousands of commission orders does not contemplate their distribution by certified mail, which would definitively establish the date a payment is received by the intended recipient. Absent certified mail, the date a claimant receives a compensation payment cannot be established with absolute certainty. To interpret R.C. 4123.52 in the manner urged by plaintiff would be impractical and virtually unworkable.
 {¶ 27} Moreover, it is well-settled that a workers' compensation claimant is responsible for preventing the running of the statute of limitations. In Sechler v. Krouse (1978), 56 Ohio St.2d 185, 190, the Supreme Court of Ohio stated:
 Once a claim has been timely filed pursuant to R.C. 4123.84, "[i]t is incumbent upon a claimant to timely invoke the continuing jurisdiction granted to the commission by R.C. 4123.52 for additional compensation * * *." Rummel v. Flowers (1972), 28 Ohio St.2d 230, 236; see State, ex rel. Clark, v. Krouse (1977), 52 Ohio St.2d 201, 205. Failure to file an application for modification of an award within the prescribed time period results in the loss of the substantive right for additional benefits. State, ex rel. Hammond, v. Indus. Comm. (1945), 144 Ohio St. 477, 480.
See, also, Kokitka v. Ford Motor Co. (June 17, 1993), Cuyahoga App. No. 62410 ("It is incumbent upon a claimant to timely invoke the continuing jurisdiction granted to the commission by Section 4123.52, Revised Code, for additional compensation for disability from injuries suffered in an accident and disability which may increase in intensity, or *Page 13 
both, and for disability resulting from an injury suffered in the original accident which may be subsequently discovered").
 {¶ 28} Here, under R.C. 4123.52, plaintiff had ten years to invoke the commission's continuing jurisdiction, which, unquestionably, is a long period of time. Claimant waited until March 2, 2005 to file a motion requesting an additional allowance, even though his request was supported by a report from Dr. Razzano dated March 8, 1990, a full 15 years before the expiration of his claim. While this court will not speculate as to the reasons for plaintiff's delay in submitting his motion, it is clear that his nonaction was to his peril. Under the circumstances here, plaintiff must be accountable for the consequences of his failure to timely act.
 {¶ 29} While the result we reach here may appear inequitable from plaintiff's perspective, this court is bound by the statutory mandate of R.C. 4123.52. Consistency and fairness in the application of R.C.4123.52 are desired and necessary. These twin goals are achieved by commencing the running of the statute of limitations upon a date certain — the date BWC issued and mailed the compensation payment to plaintiff. In this instant case, the stipulated facts are that the date the check was mailed was the same date as that appearing on the face of the check. Accordingly, plaintiff may not complain that the check was printed, dated and signed days or weeks or months before being mailed.
 {¶ 30} It is uncontroverted that plaintiff never received compensation under R.C. 4123.56, 4123.57, or 4123.58, or wages in lieu of compensation under R.C. 4123.84 during the ten-year period following the last payment of compensation on February 28, 1995. Accordingly, plaintiff's claim was dead by operation of law on February 28, 1995, *Page 14 
and the commission was without continuing jurisdiction to adjudicate plaintiff's filing after that date.
 {¶ 31} Upon viewing the evidence in a light most favorable to plaintiff as the nonmoving party, this court concludes that plaintiff failed to move to amend his claim within the time frame allowed under R.C. 4123.52. Defendants, therefore, were entitled to judgment as a matter of law. The common pleas court properly concluded as much. Plaintiff's assignment of error is not well-taken.
 {¶ 32} For the foregoing reasons, plaintiff's sole assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 BROWN, J., concurs. TYACK, J., dissents.