KOTYK, Appellant,

v.

REBOVICH et al., Appellees.

[Cite as *Kotyk v. Rebovich* (1993), 87 Ohio App.3d 116.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62807.

Decided June 21, 1993.

*Virginia K. Miller*, for appellant.

*Burdon & Merlitti*, *Bruce R. Conrad* and *James L. Burdon*, for appellees.

PRYATEL, Judge.

Plaintiff-appellant, James Kotyk, appeals from the judgment of the Cuyahoga County Court of Common Pleas which granted a Civ.R. 12(B)(6) motion to dismiss on behalf of defendant-appellee, Father John Rebovich. On review of the record and based upon the reasons adduced below, we affirm the trial court.

Appellant Kotyk alleges that at age fifteen and while an altar boy at St. Eugene Byzantine Catholic Church, he was sodomized by the appellee. Appellant alleges that two incidents occurred in April and August 1980.

In 1983, appellant contends that during counseling at college, his counselor attributed his psychological difficulties to the alleged sexual abuse. His counselor also suggested that part of his treatment should include speaking to church officials and making them aware of the claimed abuse.

Thus, in the spring of 1984, appellant and his brother met with Monsignor Andrew Vaida, the administrator of the Byzantine Catholic Diocese of Parma, and discussed the incidents with him. From that meeting an agreement was reached whereby the Diocese agreed to remove the appellee as pastor of St. Eugene and to ensure that appellee received counseling in regards to the alleged incidents. Shortly thereafter, the appellee was removed as pastor of St. Eugene Church. Parishioners were told he would be assisting mission parishes throughout Ohio, Indiana and Missouri.

In December 1989, the appellant received notice from Father Petyo that the appellee had been reinstated as pastor of St. Eugene Church in July 1984. Further, the appellant learned that the appellee had not received counseling as agreed.

On July 2, 1990, the appellant filed his complaint against the appellee, the Byzantine Catholic Diocese of Parma, Bishop Andrew Pataki and St. Eugene Byzantine Catholic Church. The appellant asserted seventeen claims, among which were claims for sexual battery and breach of contract.

On July 19, 1990, the appellant filed an amended complaint against the same parties with two additional claims, a constitutional claim and a claim for punitive damages. The amended complaint also contained sworn affidavits. These affidavits attested to the agreement between the Diocese and appellant.

On September 10, 1990, the appellee filed a Civ.R. 12(B)(6) motion to dismiss based entirely upon the various statutes of limitations on claims brought by the appellant. On September 24, 1990, defendant Bishop Andrew Pataki also filed a motion to dismiss himself, as an individual, from the action. On February 12, 1991, the court granted both of the motions to dismiss.

On October 23, 1991, the trial court dismissed the case with prejudice as the remaining parties, Byzantine Catholic Diocese of Parma and St. Eugene Byzantine Catholic Church, per a stipulated settlement.

On November 20, 1991, appellant timely filed this appeal regarding the Civ.R. 12(B)(6) dismissal of the appellee.

## ASSIGNMENT OF ERROR

"The trial court erred when it granted defendant Fr. John Rebovich's Civil Rule 12(B)(6) motion to dismiss."

The appellant, through his sole assignment of error, argues that the trial court erred as a result of granting a Civ.R. 12(B)(6) on behalf of the appellee. The appellant specifically argues that his claims, as brought against the appellee, were not barred by applicable statute of limitations since a mental disability prevented discovery of the claimed injuries and thus all applicable statutes of limitations were tolled. In addition the appellant argues that he possessed a claim of breach of contract against the appellee which was not barred since the applicable statute of limitations had not run regardless of the existence of any claim of disability.

The appellant's sole assignment of error is not well taken.

A motion to dismiss a complaint per Civ.R. 12(B)(6), which is based upon a failure to state a claim upon which relief can be granted, should be granted by a trial court when a complaint on its face indicates that a claim is barred by an applicable statute of limitations. *Mills v. Whitehouse Trucking Co.* (1974), 40 Ohio St.2d 55, 69 O.O.2d 350, 320 N.E.2d 668; *Goad v. Cuyahoga Cty. Bd. of Commrs.* (1992), 79 Ohio App.3d 521, 607 N.E.2d 878. The appellant, through his original complaint and two amended complaints, raised ten causes of

action: (1) sexual battery; (2) breach of fiduciary duty; (3) fraud and misrepresentation; (4) clergy malpractice; (5) negligent and intentional infliction of emotional distress; (6) negligence; (7) vicarious liability; (8) breach of contract; (9) conspiracy; and (10) state constitutional violations. With the exception of the claim of breach of contract, it is apparent from the face of the appellant's complaint and two amended complaints, that nine of the ten causes of action were time-barred since the appellant discovered his injuries no later than 1983, the year counseling was sought while attending college: (1) sexual battery—two-year statute of limitations per R.C. 2305.10; (2) breach of fiduciary duty—four-year statute of limitations per R.C. 2305.09(D); (3) fraud and misrepresentation—four-year statute of limitations per R.C. 2305.09(C); (4) clergy malpractice—one-year statute of limitations per R.C. 2305.11(A); (5) negligent and intentional infliction of emotional distress—four-year statute of limitations per R.C. 2305.09(D); (6) negligence—four-year statute of limitations per R.C. 2305.09; (7) vicarious liability—four-year statute of limitations per R.C. 2305.09; (8) conspiracy—a criminal charge not applicable to civil suits; and (9) state constitutional violation—two-year statute of limitations per R.C. 2305.10. *Hull v. Cuyahoga Valley Bd. of Edn.* (C.A.6, 1991), 926 F.2d 505; *Bojac Corp. v. Kutevac* (1990), 64 Ohio App.3d 368, 581 N.E.2d 625.

Further review of the record also indicates that the appellant's claim of a mental disability did not toll the statute of limitations which were applicable to the aforesaid nine claims. A general claim of disability, absent specific details, will not toll the time for the running of an applicable statute of limitations. *McKay v. Cutlip* (1992), 80 Ohio App.3d 487, 609 N.E.2d 1272; *In re Lattanzi* (1990), 61 Ohio Misc.2d 546, 580 N.E.2d 541. In the case *sub judice,* the appellant stated in his complaint that he exhibited a form of mental deficiency or derangement which resulted from the alleged sexual molestation. There is no allegation in the record, however, which supports the claim that the appellant was prevented from timely prosecuting his lawsuit. *McKay v. Cutlip, supra.* The appellant did receive psychological counseling, but without additional support of the existence of a disabling condition which meets the requirements of R.C. 2305.16, this court holds that the statute of limitations applicable to nine of the appellant's ten claims were not tolled.

The appellant, through his appeal, also argues that the trial court erred by dismissing the claim of breach of contract which was raised against the appellee. Upon review of the record, this court finds that the trial court properly dismissed the claim of breach of contract as brought against the appellee.

The appellant, through his complaint and amended complaints, alleged that on or about June 1984, a discussion was held among Monsignor Vaida, the appellant, and Ken Kotyk. It should be noted that Monsignor Vaida appeared on behalf of

the Byzantine Catholic Diocese of Parma and St. Eugene Church. As a result of the discussion, the appellant and Monsignor Vaida, as agent of the Byzantine Catholic Diocese of Parma and St. Eugene Church, entered into an oral contract. The appellant promised to forgo "making public any allegations of child molestation against Father John Rebovich" and the appellant further promised to "forgo all action, legal or otherwise, on his claims against Father * * * and the Byzantine Catholic Diocese of Parma." In return, it was agreed that "Rebovich would be removed from all pastoral duties, undergo psychological treatment, and be banned from unsupervised close contact with young boys * * *."

In December 1989, the appellant discovered that the oral contract had been breached since the appellee had not received psychological treatment and had also been reinstated as the pastor of St. Eugene Church. Based upon this discovery, the appellant filed his claim for breach of contract.

 Any failure to perform a contractual duty which has arisen constitutes a breach. Restatement of the Law 2d, Contracts (1978), Section 235(2). The statute of limitations on an oral contract abides for six years. *Fieg Sewering Co. v. Romaniw* (Feb. 8, 1990), Cuyahoga App.No. 56526, unreported, 1990 WL 9930; R.C. 2305.07.

 In the within case, the appellant and Monsignor Vaida entered into the oral agreement in June 1984. The appellant filed his complaint in July 1990, one month beyond the six-year statute of limitations which applies to an oral contract. Appellant, however, swears by affidavit that he did not become aware of the breach on the contract until December 1989. Appellant's cause of action for breach on the contract accrued when he discovered the omission to perform as agreed. *Cleveland Bd. of Edn. v. Lesko* (Apr. 12, 1990), Cuyahoga App. No. 56592, unreported, 1990 WL 43640. Since appellant did not discover the breach until December 1989, appellant's breach of contract action survives the statute of limitations.

 A problem arises, however, in our determination of who was bound by the contractual agreement. Appellant entered into this agreement with Monsignor Vaida, administrator of the Diocese. Monsignor Vaida, an agent who acted on behalf of the Diocese and St. Eugene Church, committed his principals to the agreement and thereby bound the Diocese and St. Eugene Church. The appellee, who was the subject matter of the contract, was not bound by the agreement since he personally did not agree to the terms of the contract. In order to establish a valid contract there must be a meeting of the minds between the parties and an offer by one party and an acceptance by the other party. *Noroski v. Fallet* (1982), 2 Ohio St.3d 77, 79, 2 OBR 632, 633, 442 N.E.2d 1302, 1304; *Abegglen v. Lazirko* (Apr. 6, 1989), Cuyahoga App. No. 55203, unreported, 1989

WL 34723; *Satullo v. Garson* (Oct. 22, 1992), Cuyahoga App. No. 61219, unreported, 1992 WL 309367. Therefore, the appellant did not have a claim of breach of contract action against the appellee, but did have a breach of contract action against the Diocese of Parma and St. Eugene Church. Since the record indicates that the Diocese of Parma and St. Eugene Church settled with appellant with prejudice, that cause of action has become moot.

Our review of the record, the pleadings and the attached affidavits reveals that although appellant's breach of contract action was not barred by the applicable statute of limitations, the appellee was not a party to the contract entered into between Monsignor Vaida and the appellant. Thus, the appellee cannot be held liable for the breach of contract. All the other claims of appellant were beyond the statute of limitations. Accordingly, we find that the trial court properly granted appellee's 12(B)(6) motion to dismiss the appellee. The appellant's sole assignment of error is overruled.

*Judgment affirmed.*

SPELLACY, P.J., and PORTER, J., concur.

AUGUST PRYATEL, J., retired, of the Eighth Appellate District, sitting by assignment.