24 F.3d 246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Mary Miller HALL, Plaintiff-Appellant,
v.
Alexander ROBINSON, as Trustee for Nellie J. Robinson and
the Trust Fund for Nellie J. Robinson, Defendant-Appellee.
 No. 93-16678.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 14, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mary Miller Hall appeals pro se the district court's order dismissing Hall's diversity action.[1] In her action, Hall alleged that family members fraudulently created a trust out of her elderly mother's property and fraudulently induced Hall to transfer her share of the family home to her mother, that Hall was entitled to reimbursement for funds expended for her mother's care, and that Hall was sexually abused. The district court dismissed Hall's claims on the grounds that they were barred by the Ohio statute of limitations or failed to state a claim upon which relief could be granted. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Defendant Alexander Robinson filed a motion under Fed.R.Civ.P. 12(b)(6) to dismiss for failure to state a claim upon which relief could be granted. Rule 12(b) provides, however, that if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by Rule 56, and all parties shall be given a reasonable opportunity to present all material made pertinent to such motion by Rule 56." Fed.R.Civ.P. 12(b). Here, both parties submitted matters outside the pleadings, and the district court did not exclude these matters. Further, the district court provided Hall with a reasonable opportunity (21 days) to respond.[2] Accordingly, we construe the district court's dismissal as a grant of summary judgment under Fed.R.Civ.P. 56.
 
 
 4
 We review de novo the district court's order granting summary judgment. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). After a motion for summary judgment is made, the nonmoving party "may not rest upon the mere allegations or denials of [her] pleadings, but ... by affidavits ... set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).
 
 I. Fraud
 
 5
 Hall contends that the district court erred by finding her fraud claims barred by the Ohio statute of limitations. "Under Ohio Revised Code Sec. 2305.09, a cause of action for fraud must be brought within four years after the fraud was or should have been discovered. No more than a reasonable opportunity to discover the fraud is required to start the period of limitation. Information sufficient to alert a reasonable person to the possibility of wrongdoing gives rise to a party's duty to inquire into the matter with due diligence." Au Rustproofing Ctr., Inc. v. Gulf Oil Corp., 755 F.2d 1231, 1237 (6th Cir.1985) (citations omitted) (applying Ohio law).
 
 
 6
 Hall claims that the funds used to create the Nellie J. Robinson trust were stolen from Nellie J. Robinson, Hall's mother. Hall alleges that she knew of the fraudulent source of the monies that eventually composed the corpus of the trust prior to the creation of the trust in 1986. Because Hall had sufficient information in 1986, according to Hall's own filings, as to the alleged fraudulent nature of the trust, this claim filed in 1991 is barred by Ohio's four-year statute of limitations.
 
 
 7
 Similarly, Hall's claim of fraud relating to the transfer of her share of the family home is time barred. Hall claims that in 1979, she was fraudulently induced to transfer the property to her mother because Hall's siblings misrepresented her mother's financial needs. To start the period of limitation, Hall had to have "[i]nformation sufficient to alert a reasonable person to the possibility of wrongdoing." Au Rustproofing Ctr., 755 F.2d at 1237. Hall states in her filings that she was aware prior to 1986 that her siblings were allegedly stealing from her mother and that her mother's social security check was allegedly being sent to Hall's sister's home address. Further, Hall was in regular communication with her mother. Therefore, at least as early as 1986, Hall had sufficient information to suspect that her mother's financial situation may not have been as allegedly represented by her siblings. Accordingly, the district court properly found that this claim was time barred.
 
 II. Financial Support
 
 8
 Hall contends that the district court erred by dismissing her claim for reimbursement of her contributions towards her mother's support. Under Ohio law, "[i]n order to establish a valid contract there must be a meeting of the minds between the parties and an offer by one party and an acceptance by the other." Kotyk v. Rebovitch, 621 N.E.2d 897, 900 (Ohio Ct.App.1993). Hall claims that she is entitled to be reimbursed for funds expended for her mother's care. Hall, however, failed to provide any admissible evidence to establish an express agreement between Hall and her mother or Hall and her siblings that Hall would eventually be reimbursed after the sale of the family home. Moreover, under Ohio law, "there is every presumption that what [a child] [does] for [her] mother [is] gratuitous." Gould v. Parter, 144 N.E.2d 555, 559 (Ohio Ct.App.1956). There is nothing in the record that would rebut this presumption. Because Hall failed to establish sufficient facts to indicate the existence of a contract under Ohio law, the district court properly granted summary judgment on this claim.
 
 III. Sexual Abuse
 
 9
 Hall also alleged sexual abuse in her complaint. However, she did not allege that the defendant sexually abused her or was in anyway involved in or responsible for the alleged sexual abuse. Accordingly, the district court properly granted summary judgment on this claim.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In a previous appeal of this action, this court vacated the district court's order dismissing this action and remanded so that the district court could determine whether the amount in controversy was sufficient to establish diversity jurisdiction. See Hall v. Robinson, No. 92-15142, unpublished memorandum disposition (9th Cir. Oct. 5, 1992). The district court found that Hall's third amended complaint alleged sufficient facts to establish federal jurisdiction
 
 
 [2]
 The district court, faced with two pro se litigants, had previously issued a detailed order listing the documents which the litigants needed to submit to support their claims