DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas in an action involving a mechanics lien. Because we conclude that the trial court did not err in granting summary judgment in favor of appellee, we affirm.
Appellant, Temple Builders and Supply ("Temple"), worked as a subcontractor for appellee, Banner Construction Co. (Banner"), on a house remodeling job for Danny Koester. The job was completed on February 17, 1988, but Koester failed to pay as agreed. On March 31, 1988, both Banner and Temple filed separately for mechanic's liens on the property.
On March 4, 1994, Banner filed a foreclosure action, naming, as party defendants, Temple and several others who may have had claims or interests in the property. Temple responded by filing an answer on November 17, 1994 and a counterclaim on March 17, 1995. In the counterclaim, Temple requested that, "[i]f foreclosure is necessary" Temple's liens should be paid from the proceeds recovered by Banner. Ultimately, Banner either settled with or obtained a default judgment against all defendants except Temple.
In January 1999, Temple moved to amend its answer and counterclaim; the court denied this motion. Various other motions were filed by appellant, including one which was interpreted by the trial court as a motion for summary judgment. On June 30, 1999, appellee responded to appellant's motion and cross filed its own motion for summary judgment. On July 26, 1999, the trial court issued its judgment which denied appellant's summary judgment motion and granted appellee's motion.
Appellant now appeals that judgment, setting forth the following sole assignment of error:
"ASSIGNMENT OF ERROR NO. 1
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING SUMMARY JUDGMENT FOR PLAINTIFF-APPELLANT [SIC] BANNER CONSTRUCTION CO. AND IN DENYING DEFENDANT TEMPLE BUILDERS AND SUPPLY THE RIGHT TO GO TO TRIAL ON THEIR [SIC] CLAIMS FOR FORECLOSURE OF THEIR SUBCONTRACTORS [SIC] MECHANIC'S LIEN OF TOP PRIORITY; AND ALSO ON THEIR [SIC] CLAIM FOR BREACH OF CONTRACT."
Although presented as one assignment of error, appellant has actually argued three separate issues. Appellant first contends that the trial court erred in denying its January 1999 motion to amend its answer and counterclaim. The decision whether or not to grant a motion for leave to amend a pleading is within the discretion of the trial court. Turner v. Cent. Local SchoolDist. (1999), 85 Ohio St.3d 95, 99. While Civ.R. 15(A) allows for liberal amendment, such motions may be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party. See Peterson v. Teodosio (1973), 34 Ohio St.2d 161. A motion for leave to amend must be timely filed. See id. at paragraph six of the syllabus; DiPaolo v. DeVictor (1988),51 Ohio App.3d 166, 170. An appellate court will not reverse a trial court's decision on a motion to amend a pleading absent an abuse of discretion. Wilmington Steel Prod., Inc. v. Cleve. Elec.Illum. Co. (1991), 60 Ohio St.3d 120, 122. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,218.
In this case, appellant waited for nearly four years before it moved to amend its answer and counterclaim. This, in our view, constitutes "undue delay." Therefore, we cannot say that the trial court abused its discretion in denying appellant's motion to amend its answer and counterclaim.
Appellant also contends that summary judgment was improperly granted to appellee because appellant's answer and counterclaim tolled the six-year statute of limitations and, in essence, preserved its mechanic's lien claim. Appellant further argues that its counterclaim established a breach of contract action which should have survived summary judgment.
Summary judgment is controlled by Civ.R. 56(C), which states in pertinent part:
 "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"
Liens under R.C. 1311.01 to 1311.24, are effective from the date the first labor is performed, or the first machinery, materials, or fuel is furnished by the contractor under the original contract, and shall continue in effect for six years after an affidavit is filed in the office of the county recorder. See R.C. 1311.06. Therefore, the statute of limitations for bringing an action to enforce a mechanic's lien is six years.
R.C. 1311.13(C). If an action to enforce a mechanic's lien is not brought within the six year period of its validity under R.C.1311.13, the rights under such a lien are extinguished. Crandallv. Irvin (1942), 139 Ohio St. 253. Contrary to appellant's argument, the statutory scheme for the filing and enforcement of mechanic's liens does not provide for the tolling or expansion of designated statutory time limits. Id., at 256.
In this case, appellant's lien was filed on March 31, 1988. Its counterclaim in the Banner suit was conditioned upon the payment of money as a result of a successful foreclosure upon the property. Since Banner settled with Koester, the foreclosure never occurred. Therefore, since appellant never filed any enforcement action during the six years after the lien was filed, the trial court properly granted summary judgment based upon the statute of limitations.
Finally, appellant contends that summary judgment was improper because his counterclaim was based upon a contract with Banner for payment. The determination of whether or not a valid contract has been formed involves a consideration of various elements. Specifically, there must be the following: two or more parties with capacity, consideration, mutual assent, an offer, acceptance, and any formal requisites which pertain to the contract. See Timbers and Assoc., Inc. v. Parts Distrib., Inc.
(Apr. 15, 1983), Huron App. No. H-82-31, unreported (quoting LocalTel. Co. v. Cranberry Mut. Tel. Co. (1921), 102 Ohio St. 524).
In addition, R.C. 2305.07 provides that an action based upon an oral contract must be commenced within six years after the cause accrues. See also Fieg v. Sewering Co. v. Romaniw (Feb. 8, 1990), Cuyahoga App. No. 56526, unreported. A cause of action accrues the moment the right to commence an action comes into existence, i.e., whenever a breach of contract has occurred, which gives a right to bring and sustain a suit. Kotyk v. Rebovich
(1993), 87 Ohio App.3d 116. A breach occurs upon any failure to perform a contractual duty. Id., at 121, citing Restatement of the Law 2d, Contracts (1978), Section 235(2). Thus, the cause of action arises when the plaintiff discovers the omission to perform as agreed in the oral contract. Kotyk, supra, at 121.
Upon a complete review of the record in this case, we agree with the trial court's assessment that no evidence of a written contract was presented. Additionally, even if an oral contract existed, appellant failed to assert any claim against Banner within the six-year statute of limitations period. As noted by the trial court, the cause of action accrued either at the time the mechanic's liens were filed on March 31, 1988, or shortly thereafter when appellant did not receive payment for the work performed. Appellant, which had only until mid 1994, at the latest, to assert a contract action against appellee, did not file its counterclaim until March 1995, well past the six-year limitations period. Therefore, we conclude that since reasonable minds can come to but one conclusion and that conclusion is adverse to appellant, the trial court properly granted appellee's motion for summary judgment and denied appellant's motion.
Accordingly, appellant's sole assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ JAMES R. SHERCK, J.
MELVIN L. RESNICK, J., RICHARD W. KNEPPER, P.J., CONCUR.