DECISION AND JUDGMENT ENTRY
The Jackson County Court of Common Pleas dismissed the Plaintiff-Appellants' ("Appellants") complaint pursuant to Civ.R. 12(B)(6) because the Appellants did not file their claims within the applicable statutes of limitations. The Appellants contend that the trial court erred with respect to their nuisance claim because they alleged a "continuing injury" for which the statute of limitations has not yet begun to run. Because we find that the Appellants failed to allege facts in their complaint that support a "continuing injury" theory, we disagree. The Appellants also contend that the trial court erred in failing to apply the discovery rule to their bodily injury claims. Because the Appellants failed to allege facts in their complaint that would warrant application of the discovery rule, we disagree. Accordingly, we overrule both of Appellants' assignments of error and affirm the judgment of the trial court.
 I.
The Appellants in this case are four individuals who formerly lived adjacent to a hazardous waste landfill site ("the Site") in Ironton, Ohio. In March, 1998, the Appellants brought suit against seventeen Defendants-Appellees ("Appellees") whom they alleged were connected with the Site in some way. The Appellants alleged in their complaint that the Site caught fire in late 1993 and released toxic smoke into the air, creating a nuisance and causing them emotional and physical injuries.
One of the Appellees, Amcast Industrial, Inc., filed a Civ.R. 12(B)(6) motion to dismiss the complaint based upon the Appellants' failure to file it within the applicable statutes of limitations. Individually or in small groups, the other Appellees followed suit. In a series of entries, the trial court dismissed the Appellants' complaint against all the Appellees based upon the expiration of the applicable statutes of limitations.
The Appellants advance the following "propositions of law" in support of their assignments of error:
 I. When a tort involves a continuing injury, the cause of action accrues and the limitations period begins to run only when the tortious conduct ceases.
 II. The statute of limitations on the bodily injury claims accrue (sic) until the Plaintiffs' (Appellants') were informed by competent medical authority that they had an injury related to the exposure and they became aware of the proximate cause of those injuries.
 II.
Civ.R. 12(B)(6) provides that a trial court may grant a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." When ruling on a Civ.R. 12(B)(6) motion to dismiss, the court must presume the truth of all factual allegations in the complaint. Mitchell v. Lawson Milk Co. (1989), 40 Ohio St.3d 190, 193. Additionally, the court must draw all reasonable inferences in favor of the nonmoving party. Id. However, the trial court is not required to draw conclusions that are not suggested by the factual allegations. Id. The court may grant a motion to dismiss only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts that would entitle him to relief. Tulloh v. Goodyear Atomic Corp. (1992),62 Ohio St.3d 541, 544; Wilson v. Ohio (1995), 101 Ohio App.3d 487, 491. We review a dismissal under Civ.R. 12(B)(6) de novo. Hunt v. MarksmanProds., Div. of S/R Industries, Inc. (1995), 101 Ohio App.3d 760, 762.
In order for a complaint to be dismissed under Civ.R. 12(B)(6) as being barred by the statute of limitations, it must be obvious from the face of the complaint that the action is time-barred. Steiner v. Steiner (1993),85 Ohio App.3d 513, 518-19; Mills v. Whitehouse Trucking Co. (1974),40 Ohio St.2d 55. When it is obvious from the face of a complaint that the statutory period for filing a claim has expired, it is the duty of the plaintiff to assert exceptions to the statute. Peterson v. Teodosio
(1973), 34 Ohio St.2d 161, 174, citing Kincheole v. Farmer (C.A.7, 1954), 214 F.2d 604; Kotyk v. Rebovich (1993), 87 Ohio App.3d 116, 120, see, also, Firestone v. Galbreath (S.D.Ohio 1990), 747 F. Supp. 1556,1567, reversed in part on other grounds (C.A.6, 1994), 25 F.3d 323. Otherwise, dismissal pursuant to Civ.R. 12(B)(6) is appropriate. Mitchellv. Speedy Car X, Inc. (1998), 127 Ohio App.3d 229, 231, citing Steiner at 518-19.[2]
In this case, the Appellants asserted that the fire ended and the Site ceased operation in "late 1993." The Appellants advanced claims with statutes of limitations of two and four years.[3] The Appellants did not file their complaint until March of 1998. Thus, it is obvious from the face of the complaint that the statutory period expired before the Appellants filed their complaint. The Appellants contend, however, that an exception applies to their nuisance claim because the nuisance they allege is "continuing" in nature. Additionally, the Appellants contend that an exception applies to their bodily injury claims based on the discovery rule.
 A.
In their first assignment of error, the Appellants contend that the date upon which the statute of limitations began to run on their nuisance claim is in dispute because the nuisance they alleged is "continuing" in nature. "Ordinarily, a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed."Collins v. Sotka (1998), 81 Ohio St.3d 506, 507. The Appellants, citingHarper v. Union Sav. Assoc. (N.D.Ohio. 1977), 429 F. Supp. 1254, assert that when a tort involves a "continuing injury," the cause of action accrues and the limitations period begins to run only when the tortious conduct ceases. More specifically, the Appellants cite Brown v. SciotoCty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, for the proposition that the statute of limitations on a nuisance claim does not begin to run until the nuisance is removed and the property is restored to its original condition. The Appellants thus contend that the statute of limitations has not begun to run against their claim, or that, at the very least, the beginning of the statute of limitations is a question of fact, rendering the trial court's dismissal under Civ.R. 12(B)(6) improper.
The Appellants are correct in their assertion that a "continuing injury" delays the start of the statute of limitations. However, contrary to the Appellants' assertion, "continuing injury" applies not to the injury suffered by the plaintiff, but rather to the conduct of the defendant. In Harper, the plaintiffs sought injunctive relief, alleging that the defendants had engaged and were continuing to engage in a series of actions that, taken together, constituted racial discrimination.Harper at 1259-60. Because components of the alleged discrimination were still occurring at the time the plaintiffs' filed their complaint, the court determined that the statute of limitations had not yet begun to run. Id.
Likewise, in Brown, the court explained that the difference between a permanent and a continuing air pollution nuisance lies with the nature of the polluting facility. If the facility consistently produces pollution and the pollution is not practically abatable, the nuisance is permanent and the statute of limitations begins to run when the pollution is first noticed. Brown at 718. In contrast, where the air pollution is temporary, recurrent, or abatable by reasonable means, "a nuisance action can be brought for damages for those injuries incurred within the applicable period, regardless of when the nuisance [first] began." Id.
In Brown, the plaintiffs sought injunctive relief against the operators of a wastewater treatment facility, alleging that the facility's fumes created a nuisance. The facility argued that the plaintiffs first noticed the fumes more than four years before they filed their complaint, and thus that the action was time-barred. However, the facility was still operating at the time the complaint was filed. Because there was evidence that the facility had abated the odor somewhat, as well as evidence that the fumes were not noticeable and did not interfere with the plaintiffs' property until the year the plaintiffs filed, the court determined that whether the nuisance was continuing or permanent in nature was a question of fact. Brown at 718.
Unlike the situation in Brown, in this case the date of the alleged nuisance is known. Specifically, the Appellants alleged in their complaint that the fire at the Site in 1993 caused the release of noxious fumes and offensive smells. The Appellants further alleged that the fire ended and the Site ceased operation in "late 1993." Although the Appellants alleged that the nuisance is "either continuing or permanent in nature," they did not allege any facts to support the existence of a continuing nuisance. The Appellants alleged that the Site continues to exist, but they did not allege that the Site continues to release fumes or otherwise create a nuisance. Rather, the Appellants based their entire complaint upon events occurring during or prior to 1993. Thus, on the face of the complaint, no issue of fact exists as to when the nuisance was abated and the statute of limitations began to run. The nuisance was abated in late 1993, more than four years before the Appellants filed their complaint.
Accordingly, we overrule the Appellants' first assignment of error.
 B.
In their second assignment of error, the Appellants contend that the statute of limitations did not begin to run on their bodily injury claims until a competent medical authority informed them that they had injuries related to and caused by their exposure to the noxious fumes. In short, the Appellants contend that the trial court erred by failing to apply the discovery rule to their claims.
The statute of limitations for a bodily injury claim is two years from the date that the cause of action accrues. R.C. 2305.10(A). The Appellants are correct in their assertion that, when an injury does not manifest immediately, the cause of action for bodily injury does not accrue until the plaintiff discovers that he has been injured and that the injury was proximately caused by the conduct of the defendant. R.C.2305.10(B); Liddell v. SCA Services of Ohio, Inc. (1994), 70 Ohio St.3d 6, syllabus, citing O'Stricker v. Jim Walter Corp. (1983), 4 Ohio St.3d 84. However, the plaintiff bears the burden of alleging facts that invoke application of this discovery rule. See Peterson, 34 Ohio St.2d at 174;Kotyk, 87 Ohio App.3d at 120; Firestone, 747 F. Supp. at 1567.
In this case, the Appellants alleged in their complaint that the Appellees' negligence and willful and wanton misconduct caused them to suffer emotional distress and physical injury. Based upon the factual allegations the Appellants included in their complaint, smoke emanating from the fire caused these emotional and physical injuries in "late 1993." However, the Appellants did not include any allegations in their complaint from which the trial court could infer that they did not discover their injuries until after 1993. Therefore, based upon the factual allegations in their complaint, the Appellants had only two years from "late 1993" during which they could file their claims. Because they did not file their complaint until 1998, the trial court correctly dismissed the Appellants' complaint based upon the expiration of the statute of limitations.
Accordingly, we overrule the Appellants' second assignment of error and affirm the judgment of the trial court.
 _____________________ Roger L. Kline, Judge
Abele, P.J. and Harsha, J.: Concur in Judgment Only.
[2] A plaintiff may remedy a statute of limitations defect in a complaint and avoid dismissal by amending the complaint to include factual allegations that, if true, would prevent operation of the statute of limitations. See Peterson at 174-75. A trial court should freely grant leave to amend a complaint when justice so requires. Civ.R. 15(A); Cecilv. Cottrill (1993), 67 Ohio St.3d 367, 371; Peterson at 175.
[3] Although the trial court applied a two-year statute of limitations to all of the Appellants' claims, the Appellees acknowledge that a four-year statute of limitations applies to some of the Appellants' claims. We note that the outcome in this case remains the same whether a two-year or four-year statute of limitations applies.